ORIGINAL

Jerry J. Jarzombek
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 fax



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL SHAWN GUNTER, | § § § | Civil Action No. |
| Plaintiff, | § § | 4-04cv-905-Y |
| vs. | § § § | **COMPLAINT** and **DEMAND FOR JURY TRIAL** |
| NCO FINANCIAL SYSTEMS, INC., | § § | |
| Defendant. | § § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1. Plaintiff, Michael Shawn Gunter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ("TDCA") to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA and the TDCA.

2. Defendant, NCO Financial Systems, Inc. attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported consumer obligation to Capital One. The obligation ("Debt") required someone other than Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

COMPLAINT and DEMAND FOR JURY TRIAL - Page 1

## Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. Defendant is a corporation engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Defendant's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Defendant is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## Factual Allegations

7. Beginning in mid-October 2004, representatives of Defendant began to telephone Plaintiff regarding a consumer debt for an individual with the same first name as Plaintiff, but a different surname.

8. In a series of telephone calls from representatives of Defendant, those representatives stated:

  a.  that this is a Capital One card and is one hundred plus days past due; and,

  b.  Defendant was about to take Plaintiff to court.

9.  Plaintiff advised several employees of the Defendant that they had the wrong person or they had the wrong number; however, they insisted that they had the right person, that Plaintiff owed the money, and the calls continued. Defendant's representatives continued to call, and give information on where Plaintiff was to send in a payment: Capital Payment Remittance, P.O. Box 85147, Richmond, VA 23276.

10.  Defendant continued collection efforts by stating to Plaintiff "he is to get a payment in or they would take the next step… have a good day" and then terminated the call.

11.  The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

12.  The foregoing acts and omission of the Defendant were committed willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

13.  The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### First Claim for Relief

14.  The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

  a.  In violation of 15 U.S.C. § 1692d the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in

connection with the collection of a debt. Despite Plaintiff's insistence that the collection matter did not belong to him, Defendant disregarded this dispute, and continued to attempt to collect someone else's debt from Plaintiff.

b. In violation of 15 U.S.C. § 1692d(2) Defendant used language, the natural consequence of which is to abuse the hearer thereof, in conversation with the Plaintiff. Defendant told Plaintiff that he was going to be taken to court over a debt that he did not owe.

c. In violation of 15 U.S.C. 1692e(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action which cannot legally be taken or that is not intended to be taken.

d. In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt because it failed to exercise reasonable care in ascertaining the facts prior to making a demand for payment.

e. At no time (specifically including the five days after the Defendant's initial communication with the Plaintiff in connection with the collection of a consumer debt) did the Defendant send the following information:

   i. The amount of the debt.

   ii. The name of the creditor to whom the debt is owed.

   iii. A statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant.

   iv. A statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant.

   v. A statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

15.     Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render Defendant liable to Plaintiff for statutory damages, costs, and reasonable attorney's fees.

### Second Claim for Relief

16.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

   a.   In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant threatened to take (and/or did take) an action prohibited by law.

   b.   In violation of Tex. Fin. Code Ann. § 392.302(1), Defendant has attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

   c.   In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

17.     Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.   Declare that Defendant's actions violate the FDCPA and the TDCA.

2.   Enjoin the Defendant's actions which violate the TDCA.

3.   Enter judgment in favor of Plaintiff and against Defendant for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4.   Grant such further relief as deemed just.

Dated: December \_\_\_\_, 2004.

                                              Respectfully submitted,

                                              /s/ Jerry J. Jarzombek
                                              Jerry J. Jarzombek
                                              Texas Bar No. 10589050

                                              714 W. Magnolia Avenue
                                              Fort Worth, Texas 76104
                                              Voice: 817-348-8325
                                              Fax: 817-348-8328

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: December 13, 2004.

Respectfully submitted,

*[signature]*

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328